STATE OF MISSOURI *ex rel.* ERNEST WEISE, Respondent, v. THE SEDALIA GAS LIGHT COMPANY, Appellant.

Kansas City Court of Appeals, March 4, 1889.

1. **Gas Light Company :** REASONABLENESS OF RULE FIXING CHARGE FOR "METER RENT." It is well understood that a corporation, so engaged as the appellant gas company, may, in its dealings with the people adopt and enforce such reasonable and just rules and regulations as may be necessary to protect its interests and further the designs of its incorporation. And where the return of an alternative writ of *mandamus,* commanding the gas company to furnish the relator with gas, set out his refusal to " pay a monthly rental upon and for the use of the meter furnished by the company, of one dollar and twenty-five cents per month," in accordance with a rule of the company imposing such a payment in all cases where the consumer consumes less than five hundred feet of gas, and which rental was to be taken in full for such gas, not exceeding five hundred feet in any one month, *held,* such rule is not unreasonable and that it is error to strike out, on motion, that part of the return setting up such rule.

2. ———— : MUNICIPAL ORDINANCE. An ordinance of the city of Sedalia, granting its franchise to the appellant, contained a provision, that said company should furnish the city and its inhabitants "a good article of illuminating gas, at a price per cubic foot, not exceeding the rate charged in similarly situated places," *held,* this ordinance did not deprive the company of the authority to prescribe the foregoing rule as to the "meter rent," and it was error to strike it out as it was proper matter of defense.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

Statement of the case by the court.

The petition avers, and the alternative writ recites, that the appellant was organized under the general laws of the state of Missouri for the purpose of supplying the city of Sedalia and its inhabitants with illuminating gas; that by section 14 of said article 7 (Wag. Stat.) said company might lay its pipes, etc., through the streets of said city, by consent of the municipal authorities thereof, under such reasonable regulations as said authorities might prescribe; that on the seventeenth day of June, 1868, an ordinance was passed by the municipal authorities of said city granting to said company the exclusive right to lay its pipes through said city, and to supply it and its inhabitants with gas, for a period of thirty years, upon the sole condition, however, that said company should furnish the city and its inhabitants "a good article of illuminating gas, at a price per cubic foot, not exceeding the rate charged in similarly situated places;" that said company accepted the terms of said ordinance; that the relator complied with all the reasonable rules and regulations of said gas company, which are fully set forth in the petition and alternative writ; that notwithstanding all this, and relator's offer and tender of full pay for all gas consumed, the gas company removed the meter from his place of business and refused to furnish him gas, etc.

All this is admitted in respondent's return to the alternative writ, and the sole justification pleaded, for its refusal to furnish gas to relator, is that, in addition to the rules and regulations set out in the petition and alternative writ, said gas company had adopted another to the effect that, "all persons using or desiring to use gas manufactured by the defendant within said city, should pay a monthly rental upon, and for the use of, the meter furnished by the defendant of the sum of one dollar and twenty-five cents per month, in all cases where such consumer consumes less than five hundred

feet of gas, and which rental was to be taken in full of such gas, not exceeding the amount of five hundred feet in any one month." Thereupon relator moved to strike out that part of the return for the following reasons:

I. The rule, regulation or by-law, in said portion of said return set up and pleaded as a reason why a peremptory *mandamus* should not issue against defendant herein, is not a fair, impartial nor reasonable rule or by-law; it is oppressive and discriminatory and contrary to public policy; it is beyond the power of the defendant to make and seeks to enlarge the powers of defendant, granted it by the laws of the state; it is in conflict with the ordinance of the city of Sedalia, as set forth in the alternative writ, under which it supplies the city of Sedalia and its inhabitants with illuminating gas.

II. Said portion of said return states no facts which in law constitute good cause why the defendant should not obey the mandate of the alternative writ issued herein.

This motion was sustained. The respondent refused to plead further, and the return, after this portion being stricken out, being in effect a concession of the recitations of the alternative writ, a peremptory writ was ordered.

The sole ground of error is the action of the court in striking out said portion of respondent's return.

*John Montgomery, Jr.*, for appellant.

The rules and regulations pleaded by the defendant in its return to the alternative writ issued in this case, was not prohibited by its charter or by the ordinance. While not permitted in express terms, the power to adopt such rules is incidental and implied and within the limits of the business for which it is organized.

A corporation may adopt whatever rules and regulations are necessary and convenient to successfully carry out the purposes of its charter, and may deal precisely as an individual or a co-partnership. *Barry v. Exchange Co.*, 1 Sand'f., ch. 289 ; Wood's Field on Corp. [ 2 Ed.] p. 386 ; *Wendall v. State*, 62 Wis. 304 ; Morawitz on Corp., secs. 152, 189, 192. Such transactions, as are customary or usual in the prosecution of the kind of business in which the corporation is engaged, are impliedly authorized by its charter, and it may make such rules and regulations to co nduct its business within its general scope as are reasonable and convenient to it, and not oppressive or unjust or as are specially interdicted by statute. *Hood v. Railroad*, 22 Conn. 16 ; Morawitz on Corp., sec. 189 ; *Ferguson v. Gas Co.*, 37 How. 191 ; Wood's Field on Corp. [ 2 Ed.] sec. 222 ; Angel & Ames on Corp. [ 8 Ed.] sec. 111 ; Green's Brice's Ultra Vires, p. 65 ; 1 Rorer on Ry., p. 227, and authorities cited ; *Bank v. Billings*, 4 Pet. 562 ; *Downing v. M. & Wash. Co.*, 40 N. H. 230. The relator admits the right of the defendant to adopt rules and requirements in his pleadings, and alleges a compliance therewith. The defendant sets up another rule and avers the relator has not complied with such rule. The answer is stricken out. The defendant contends this was error. That the fairness and justness of the rule could not be ascertained or determined, except under the evidence, and the facts should have been heard under the answer. *Corrigan v. Gage*, 68 Mo. 541. Such rules are usual and reasonable. *Shepherd v. Gas Co.*, 6 Wis. 584 ; 11 Wis. 236 ; 15 Wis. 318 ; *State ex rel. v. Gas Co.*, 34 Ohio St. 579 ; *Williams v. Gas Co.*, 52 Mich. 501.

*Wm. S. Shirk*, for respondent.

(1) The gas company has no authority, under its charter, nor the ordinance of the city under which it laid its pipes, etc., to charge a consumer for the use of

a meter by which to measure the amount of gas con-
sumed; said ordinance requires it to furnish the inhab-
itants of the city with gas, at a price per cubic foot, etc.
The gas consumed is all it has a right to charge for—it
must measure it itself.   The consumer is not required
to furnish the means of measuring it, nor to pay for the
use of such means.   W. S. 1872, art. 1, sec. 14, p. 336.
This requirement was contrary to, and in excess of, the
powers conferred by its said charter, and the terms of
said ordinance.   Fields on Corps., sec. 295 ; Boone on
Corps., sec. 57, and authorities cited.   Respondent had
no authority to charge so much per cubic foot, and in
addition thereto, for the use of a meter to measure it,
whether the amount used was large or small.   *Shepard
v. Gas Co.*, 6 Wis. 539 and comments on rule 17.   The
meter is for the benefit of the company—not the con-
sumer.   *Ferguson v. Gas Co.*, 37 How. Pr., p. 189, on
191, 2 par.   (2) Said requirement is unreasonable and
unjust and oppressive.   *State v. Overton*, 24 N. J. L.
435 ; *Railroad v. Williams*, 55 Ill. 185.; *Bass v. Rail-
road*, 36 Wis. 450.   (3) It is partial and discriminatory
and contrary to public policy.   It is a mere pretext by
which to enable the gas company to charge this small
consumer more per cubic foot than it does the larger
consumer.   *Goddard v. Mer. Ex.*, 9 Mo. App. 290 on
295.   *Commonwealth v. Power*, 41 Am. Dec.—note on
pages 471 to 486 inclusive.   Gas companies are not like
trading companies, nor is gas an article of trade, because
not bought, measured and delivered in given quanties,
but is furnished, used and paid for after it is used,
because it cannot be measured before.   Hence, the ordi-
nary disproportion in cost of measuring, handling and
delivering large and small quantities does not apply,
and the said requirement cannot be justified on this
ground.   *Shepard v. Gas Co.*, 6 Wis. 539 ; *Williams v.
Gas Co.*, 52 Mich. 499.   It was not necessary to hear
any evidence, whatever, to enable the court to pass upon

the validity of the rule plead in the return and stricken out. See *State ex rel. v. Merchants' Exchange*, 2 Mo. App. 96—where a demurrer was sustained, instead of motion to strike out. *Hoffbauer v. Railroad*, 52 Iowa, 342; *Vedder v. Fellows*, 20 N. Y. 126; *Railroad v. Whittemore*, 43 Ill. 420.

GILL, J.—I.  It is a well understood principle that corporations, so engaged as the appellant gas company, may, in its dealings with the people, adopt and enforce such reasonable and just rules and regulations as may be necessary to protect its interests and further the designs of its incorporation.  They have such power, too, without an express grant to that effect.  It is an inherent power implied from the nature of the business in which they are engaged, limited only by express statute, or ordinance, or by a sense of what is right, reasonable and just. *Shepard v. Gas Co.*, 6 Wis. 539; *Wendall v. State*, 62 Wis. 300.

The relator in this action contends, however, that the rule, or regulation, of the Sedalia Gas Company prescribing payment by the consumer of $1.25 per month, where the amount of gas used is less per month than five hundred cubic feet—the designated $1.25 per month being denominated *rent* of meter—is "unjust, unreasonable and discriminatory."  What is just and reasonable is to be determined by the nature of the employment pursued by the corporation and the uses and conveniences of the public.  There must be a reasonable protection of the interests of the one, consistent with the reciprocal rights of the other.

Irrespective, now, of any ordinance provision, can it be said that this charge of $1.25 per month on a consumer of less than five hundred cubic feet of gas is unreasonable ?  We think it is not unjust or unreasonable.  The evident purpose of this rule was to exact fair

compensation from those requiring gas connection, and gas furnished at hand, though the amount consumed should be very small, almost nominal.

It is a matter of common knowledge, that to furnish the gas at hand for the very small or nominal consumer requires the same out-lay, in the way of a meter, periodical inspection and repairs, with weekly or monthly visitations, that is required of very large consumers. The same investment and the same care and oversight is required where the gas monthly consumed shall not exceed ten cubic feet or even one cubic foot, as where the amount used may be ten thousand cubic feet. At the rate charged then in Sedalia, as alleged in relator's complaint, the gas company would be required to invest and expend, for the benefit of this merely nominal consumer, more dollars than cents received. The rate there charged, as alleged, is $2.50 per thousand cubic feet. For this ten cubic feet thus consumed, and for which the company could receive pay of only two and a half cents, the cost to the gas company may be many dollars.

II. Relator's further contention is that the gas company has no authority, under the ordinance of the city, under which it operates, to adopt or enforce the rule in question.

Much courage for this contention is apparently drawn from the terms of the grant of franchise, by the city, wherein it is provided that the grant should be " upon condition that it ( the gas company ) should furnish the public lamps of the city, and to the inhabitants of the city * * * gas at a price, *per cubic foot*, not exceeding the rate charged in similarly situated places ; that said gas company should have the right to collect pay for gas furnished from the consumers of the same," etc.

It is insisted that this is not collecting for "gas *consumed*," but is charging *rental* on the meter used in measuring the gas, and that the company is only allowed to charge for gas *per cubic foot*.

The construction insisted on is too narrow. While the rule names the charge for gas in this instance as "*rent*" of meter, yet by its express terms the $1.25 is pay for all gas consumed by the customer, to the extent of five hundred cubic feet. And again the clause limiting the maximum price at which the company should sell its gas to the city for street lamps and to its citizens was only intended to require of the company to furnish gas to Sedalia, and to its inhabitants, at prices not exceeding those prevailing in other "places similarly situated." It was not meant to prohibit the gas company from selling gas by any other means than per cubic foot. If the company shall furnish gas to the city, and to its inhabitants, at prices not in excess of those charged in "places similarly situated," then the spirit of this ordinance provision is fully met; and if the gas company by this rule is charging more than is imposed in "places similarly situated," then the provisions of the ordinance in question are being violated, and the company will not be protected in so doing. We think this a fair construction to be given the clause in question. To hold otherwise would impose upon the gas company the necessity to affix a meter on every lamp post in the city, and measure off each cubic foot furnished the city; for the same stipulation implies to gas furnished the street lamps as is furnished private consumers.

We hold then that the rule or regulation in question, and as stated in the return to the writ, is not, as a matter of law, unreasonable, and does not conflict with the terms of the franchise ordinance referred to, and,

admitting the truth of that portion of the return as pleaded, the trial court, in our opinion, committed error in striking out the same, as it was proper matter of defense to the action.

Judgment reversed and cause remanded. The other judges concur.