[Fleming v. Montgomery Light Co.]

# Fleming *v.* Montgomery Light Co.

*Bill in Equity for an Injunction.*

1. *Gas company; duty as to furnishing meters.*—A gas company which has been granted the exclusive priviledge of supplying gas in a city for a certain number of years, under an agreement that at all times it would supply the citizens for private use with a sufficient quantity of gas, need not leave a gas meter in the house of a citizen who is using electric light, furnished by another company, so that in case of accident to the electric light he may use the gas.

APPEAL from the City Court of Montgomery.

Heard before the Hon. T. M. ARRINGTON.

The purpose of the bill and the facts as disclosed in the transcript are sufficiently stated in the opinion.

Upon the cause being submitted for decree on demurrer and motion to dismiss the bill for want of equity, and a motion to dissolve the injunction, previously granted, for the want of equity, the chancellor found that there was no equity in the bill and decreed that the injunction be dissolved and the bill dismissed. An appeal is taken from this decree, which is here assigned as error.

CHARLES WILKINSON, for the appellant.—Under the decision of this court, *Montgomery Light Co. v. City Council*, 87 Ala. 245, it was decreed that appellees, had legally, the *exclusive* right to manufacture gas in the city of Montgomery, Ala., for fifty years, commencing Nov., 1852. When they have the exclusive franchise, "a gas company is bound to supply all persons who make the necessary preparations to receive the same."—*Sheppard v. Milwaukee G. L. Co.*, 6 Wis. 539; *New Orleans E. L. Co. v. Paulding*, 12 Rob. La. 378; *G. L. Co. of Baltimore v. Colliday*, 25 Md. 1; *Spratt v. Metropolitan G. L. Co.*, 17 Gas Journal, 663; *Bidding v. Imperial G. L. Co.*, 7th Gas Journal, 418; *Pumey v. Rossendale G. L. Co.*, 14 Gas Journal, 927; *Graves v. Key City Gas Co.*, 50 North West. Report. 283. If the exclusive franchise is *expressly granted* the appellees, and by the terms of the contract, i. e., the ordinance which was accepted by the appellee, they agree to furnish all persons gas, their contract can not be annulled at their instance and pleasure. They can be forced to supply the gas.—*People v. Milwaukee G. L. Co.*, 45 Barb. (N. Y.) 136; *Williams v. Mutual Co.*, 50 Mich. 369; s. c.

42

50 Amer. Rep. 266. Injunction is the proper remedy. The rights of appellant are clear. The wrong complained of is not susceptible of adequate compensation at law. The wrong is in its nature, continuous and recurrent.—*Ninnenger v. Norwood*, 72 Ala. 277; High on Injunctions, 501, seq; *Graves v. Key City G. Co.*, 50 North West. Report. 283.

TOMPKINS & TROY, for the appellee.—The right asserted in appellant's bill is claimed under the contract between the City Council of Montgomery and John Jeffrey & Co., and their successors, the appellee being the successor of that firm, a copy of which is attached as an exhibit to the bill. The only provisions of that contract, which have any application to this question, are found in sections VI and VII. Section VI, provides that, that firm and their successors "shall at all times supply the inhabitants of the city of Montgomery for private use in the manner most approved with a sufficient quantity of gas of the most approved quality." Section VII, provides "That the amount of gas consumed shall be ascertained by metre measurement in the usual way." This is a most important question to appellee. If the contention of appellant is correct, it might find itself without a gas consumer, and yet be compelled to keep a metre in every house in the city. If appellant has a right to compel it to keep its metres in his building, every other citizen would have the same right. Its obligation would not stop there, because the mere keeping of the metres would do the consumer no good, unless there was also kept on hand a supply of gas to furnish the customer through the metres, in case they needed it. Then the company would have to go to the expense of keeping up its works, leaving its property in the possession of the citizens without any reciprocal obligation on their part to use a foot of its gas, and consequently without any prospect of a dollar in return for its great outlay. We recognize the obligation of the Gas Company to furnish gas to the citizens of Montgomery, but it is a reciprocal obligation; an obligation on the part of the Gas Company to furnish, and of the citizens to use, the gas. Where the latter does not agree to use, the former can not be compelled to provide means to furnish.— *Williams v. Mutual Gas Co.*, 50 Am. R. 266. Certainly, a rule which required the Gas Company to permit a citizen to keep possession of its property, and requires it to keep on hand in his building a supply of gas, which he proposes to use only in case another system of lights should fail, and then only so long as that failure should

continue, would not secure the just rights of the company. It would secure to it no right of any character. It would involve it in a large outlay for the convenience of the citizens, but would not require of them any obligation to make return therefor.

COLEMAN, J.—Appellant as complainant filed the present bill for the purpose of enjoining the respondent, the Montgomery Light Company, from removing its gas meter from the premises of complainant, and to enjoin the respondent "from refusing to furnish your orator gas." Complainant's rights are very clearly set forth in the bill and grow out of an agreement entered into in the year 1852 between the City of Montgomery and the John Jeffrey Company, by the terms of which the exclusive right and privilege of manufacturing and supplying gas for a period of fifty years for the city of Montgomery and its inhabitants was granted to the John Jeffrey Company, the said company agreeing on its part, "at all times to supply the inhabitants of the City of Montgomery, for private use, with a sufficient quantity of gas of the most approved quality." The Montgomery Light Company has succeeded to all the privileges and assumed all the obligations of the John Jeffrey Company, and the bill makes the further averment, "that it is the duty of the respondent under its charter to supply all applicants with gas and electric lights, one or both, at the option of the consumer." There is nothing in the agreement by which the Light Company may compel the inhabitants of the city or any one of them to use its gas and electric lights. Stript of the statement of facts necessary to present the complainant's case in an intelligible form, the one question raised is, whether the assumption to supply the inhabitants of the city of Montgomery with gas, imposes the legal duty on the company to furnish gas meters and keep on hand a sufficient quantity of gas, for inhabitants who do not use or consume gas, but who desire to be supplied "with meters and connections with the defendant's gas pipes so that in case an accident, which is apt to occur, should happen, they could use the gas."

A statement of the proposition suggests its answer. There can be no difference in principle between the case stated and the one in the bill, in which it is shown that at one time complainant used gas for lights, but at the time of filing of the bill, and previous thereto, complainant used in his building electric lights furnished by a different company, or corporation, and was not a patron of defendant company, and the injunction was to make provision "to use gas" "in

[Wood v. Richmond & Danville Railroad Company.]

case an accident should happen to the electric lights in use by orator."

Plaintiff's contention is, that although he has made other arrangements with a different company for light, yet it is the duty of respondent to keep on hand gas and electricity with proper meters and connections and electric burners "in case of an accident" to the company which has contracted to supply him, and that too without any corresponding obligation on his part to use the gas of the defendant. We can find no such provision in the contract between the city and respondent, expressed or implied. There is no equality or equity in such a proposition. It is hardly necessary to cite authorities, but we refer to the following: *Williams v. Mutual Gas Co.*, 50 Amer. Rep. 266; 52 Mich. 499.

There is no error in the record.

Affirmed.