Louisville Gas Co. v. Dulaney & Alexander.  Same v. Stone.

CASE 62—PETITION EQUITY—JAN. 14.

# Louisville Gas Co. v. Dulaney & Alexander.

# Same v. Stone.

APPEALS FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. GAS COMPANY—MAXIMUM CHARGE—METER RENT.—Where the
   charter of a gas company provides that it shall furnish gas for
   illuminating purposes to private consumers "under reasonable
   rules and regulations to be prescribed by the company, at a price
   not to exceed one dollar and thirty-five cents for one thousand
   cubic feet," the company can not impose upon the small con-
   sumer a charge for meter rent in addition to the charge for gas
   authorized by the charter, upon the idea that it is a "reasonable
   rule and regulation" within the meaning of the charter.

HUMPHREY & DAVIE FOR APPELLANT.

DULANEY & ALEXANDER, STONE & SUDDUTH, J. M. CHAT-
TERSON, AND LAF. JOSEPH FOR APPELLEES.

(Record and briefs not in the office.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT:

The charter of the appellant confers on it the exclu-
sive privilege of erecting, maintaining and operating
gas works in the city of Louisville for the manufacture
and sale of gas for illuminating purposes, and section
12 thereof provides that "said company shall furnish
illuminating gas to private consumers who may apply
therefor, under reasonable rules and regulations to be
prescribed by the company, at a price not to exceed
one dollar and thirty-five cents for one thousand cubic
feet, less a discount of five cents per one thousand cu-
bic feet, to all persons, including the city, except as to
street lamps, paying their bills within five days after
same are due." * *

The appellees are private consumers of the appellant's gas, and upon their refusal to pay a charge for meter rent the company was about to shut off the supply. This the appellees enjoined, relying on the provisions of the section quoted as furnishing the total charge for gas to which they could be subjected.

The meter rent is sought to be upheld as a "reasonable rule and regulation," within the meaning of those terms in the charter, and is not imposed on consumers, as appears from the answer, unless they fail to use a certain minimum amount of gas in a given month.

This process of charging rent is illustrated by the memorandum on the back of the gas bills on file, as follows:

## "METER RENT.

"3 light meter, consuming 500 cubic feet or less, 10 cents per month.

"5 light meter, consuming 800 cubic feet or less, 12 cents per month.

"10 light meter, consuming 1,000 cubic feet or less, 15 cents per month.

"20 light meter, consuming 1,200 cubic feet or less, 17 cents per month.

"30 light meter, consuming 1,500 cubic feet or less, 20 cents per month.

"45 light meter," etc.

Appellees, Dulaney & Alexander, used (in their law office) a three-light meter, and, having consumed in a given month only 200 cubic feet, were charged ten cents in addition to the regular price of the gas. Ap-

pellee Stone used a thirty-light meter (in his residence), and, having consumed less than 1,500 cubic feet in three given months, was charged sixty cents in addition to the price of the gas.

It is averred in the answers that there are many persons in the city to whose fixtures in their houses, stores and offices the appellant has attached its pipes, but who procure their lights from certain electric light companies, and who use the gas light furnished by the appellant only occasionally, and when by accident they are deprived of their electric lights; that these persons, therefore, use a very small quantity of gas, and are the persons mainly affected by the meter charge; that in adopting this rule to furnish gas to all who apply, however small a quantity may be demanded, and fixing a uniform charge on rent of meters when a minimum amount of gas is consumed, it has attempted in good faith to do justice to all without discrimination. A demurrer was sustained to the answer in each case, and the injunction perpetuated. In this we concur.

The gas meter is the property of the company, and is as necessary to the company in the measurement of its gas as are its works for its manufacture. At least some process of measurement is as necessary, and while other methods have been used, the meter, we believe, is regarded as the best known method, and is generally adopted. While the consumer may cause it to be inspected, and may test the accuracy of its work, his concern is only to ascertain and pay for what gas he has consumed, and can not be called on to pay for

408          KENTUCKY REPORTS.          [Vol. 100

Louisville Gas Co. v. Dulaney & Alexander.   Same v. Stone.

the apparatus used in its measurement any more than he can be made to pay for the machinery used in its manufacture.    He is required to pay the legal rate for the quantity consumed, and this quantity must be ascertained by the company by some correct method.

The company can only charge for the quantity it actually furnishes, and, to ascertain what it furnishes, it must measure it—how, the consumer does not care, so it is measured correctly.

The appellees, therefore, are entitled to have their gas furnished to them already measured; and, for it so measured, they can be made to pay at the price of $1.35 per thousand feet, and no more.

If the price of gas were unrestricted in the organic law of the corporation, the rule charging a higher price to small consumers might be upheld.    A wholesale merchant sells for a less price than does the retailer, and this is entirely reasonable.    The question would then be the ascertainment of what is a reasonable rate, and this is the question involved in the case, relied on by the appellant, of the State of Missouri, *ex rel.*, &c., v. Sedalia Gas Light Co., 34 Mo. App., 501.    There the company required the payment by the consumer of $1.25 per month when the amount of gas used was less than 500 cubic feet, and this sum was denominated "rent of meter."    It was held that this charge was not unreasonable, and that while the sum fixed was designated as "rent of meter," it was in fact pay for all gas consumed by the customer to the extent of 500 cubic feet.

Presumably the company was aware when it ob-tained its charter and established its monopoly that there would be small consumers as well as large ones, and there would be less profit in furnishing the one class than the other, but it did not on that account re-ject the charter or obtain the right to add to the price of the small consumer's bill.

The judgments are affirmed.