## E. Dittmar v. City of New Braunfels.

### Decided January 18, 1899.

**1. Cities—Waterworks—Regulating Use.**

A city operating waterworks may require consumers to enter into contracts to comply with reasonable regulations for the use of water, but can not require agreements absolving it from duties imposed by law or releasing it from liability for negligence.

**2. Same.**

A regulation requiring the consumer to release the city from its obligation to furnish water of proper quality and sufficient quantity, or to supply water in case of fire, is unreasonable, and will not justify cutting off such consumer's supply upon his refusal to make such contract.

**3. Same—Discrimination in Rates.**

A consumer could not be required, as an alternative to such release of liability, to enter into a special contract, at rates to be fixed by the city council not less than double those charged to other consumers similarly situated,—the supply under control of the city being adequate in quantity and quality.

**4. Same—Discontinuing Service—Injunction—Remedy at Law.**

Though a regulation enforcing a release of the city from liability, being unreasonable, would render the release void in a suit at law, such remedy is not adequate, and injunction will lie to restrain the city authorities from discontinuing the service solely for refusal to enter into the contract so prescribed.

Appeal from Comal.    Tried below before Hon. H. Teichmueller.

*F. J. Maier*, for appellant.

*Clark & Ball* and *J. D. Guinn*, for appellee.

FISHER, Chief Justice.—Appellant Dittmar brought this suit, in the nature of an injunction, to restrain the city of New Braunfels from interfering with his use of water from the water system of New Braunfels for domestic purposes, and to require the city to restore him to his rights as a consumer of water under a contract existing between him and the city, and to connect his residence with the water mains of the city from which the city authorities operating the waterworks, without his consent, had disconnected his residence from the water system and cut off his supply of water. There is also a claim of damages claimed to have resulted by reason of the wrongful interference of the city with his rights in the use of water. A temporary injunction was granted, but upon final hearing general and special demurrers were addressed to the petition, which were sustained and the case dismissed, from which judgment the appellant has appealed.

Without stating in full the language of plaintiff's petition, the cause of action as there set out is substantially as follows: The city of New Braunfels is incorporated under the general laws of this State, and plaintiff is a resident and taxpayer thereof, occupying with his family a residence within the limits of the city. The city has in operation, and has for several years past, a permanent and adequate system of waterworks,

which is carried on and conducted by the city for the purpose of supplying inhabitants water for public and private use. There is an abundant supply of pure and wholesome water, which the city, by the exercise of reasonable diligence in the operation of its waterworks, can continuously furnish the plaintiff and the other inhabitants of the city. This water is used for fire protection and for domestic purposes by the inhabitants, and there is not, within the city, any other source from which the inhabitants can obtain a sufficient and wholesome supply of water.

In November, 1895, the appellant entered into a contract with the city whereby it agreed to furnish him water at his residence for household purposes at the rate of $1 a month, payable quarterly in advance. That in pursuance of that contract, at considerable expense to the plaintiff, the amount of which is set out in the petition, the plaintiff's residence was connected with the water system operated by the city, and he, from that time, had promptly paid the water rates due from him, and has complied with all reasonable regulations made by the city for the consumption and use of water; and that if any water rent, upon the trial of the case, is found to be due, he was ready and willing to pay the same and had tendered to the defendant all amounts due it for the use of water. That in pursuance of said contract, he continued to use the water for household purposes at his residence until May, 1898, when the defendant, through its servants operating the water system, wrongfully, without his consent, cut off the supply of water from his residence; and thereupon he demanded of the defendant that he be again connected with the water system and restored to his rights as a consumer, and tendered to the defendant the sum of $12, all of which the defendant refused to do.

In 1897 the city passed an ordinance requiring consumers of water for household purposes to enter into a contract which is styled in the petition as exhibit "A," as follows:

"$12.00   (Ord. Sec. 26.)              NEW BRAUNFELS, TEXAS, 1897.
"The city of New Braunfels is requested to connect my property known and described as lots Nos. 9 and 10 on Academy Street, Jahns addition, in Ward No. 4, New Braunfels, Texas, with the waterworks system of said city.

"The water is wanted and applied and subscribed for under conditions and for the purposes and uses following: Household.

"It is especially agreed and understood, and made a part of the consideration of this contract, that the city of New Braunfels is in no manner to be held liable for any scarcity or failure of water, nor for the quality or quantity thereof, nor for any failure to supply water in the event of fire on the premises, or other causality or happening.

"This order is given and signed freely with the understanding and acquiescence of the terms and conditions above, and with the knowledge and the understanding that if a contract is desired not containing such a waiver, a higher rate would be demanded by the city, and with the full

knowledge and acquiescence of the ordinance of the said city exempting it from liability in the event of failure or scarcity of water, either for fire or domestic purposes.

"This contract is continuous, and the subscriber is aware of the condition that, should he desire to have the same altered, abated, or canceled, notice must be given to the city of New Braunfels at least thirty days beforehand, otherwise this contract is to remain in full force; but nothing herein shall be construed to prevent the city from cutting off the supply without notice or liability for damage of any kind, in the event the rate herein called for and specified is not promptly paid when due."

And at the same time, the city passed the following ordinances which are known as sections 27 and 29:

"Sec. 27. Any person, corporation, or firm desiring a contract or form differing in its conditions from the order given in section 26 hereof, may, by application in writing to the city council of New Braunfels, Texas, have a special contract granted him (or it) at the rate to be fixed by such council upon the granting of such application, which rate shall not be less than double the amount of the charges in the ordinances set out, except for good reasons to the contrary shown to the city council.

"Sec. 29. No connections shall be made nor shall any water be furnished or supplied, unless the owner of the property to be so connected or supplied make his application therefor in writing and form following, to wit:" [Here follows the form exhibit "A," leaving blank the name, lot, street, etc., so as to constitute a printed blank form.]

This ordinance, as stated in section 27, was intended to give those inhabitants the right to a supply of water who refused to sign and enter into the contract set out in exhibit "A." The plaintiff refused to sign the contract as previously set out or any of the contracts required by the ordinance as stated in section 27, and for this reason solely the city disconnected him from the water system and refused further to continue furnishing him a supply of water under the contract that he had previously entered into with the city in 1895.

It is also averred that it cost the city no more to furnish plaintiff a supply of water for household purposes than it does other inhabitants of the city; that it is furnishing other inhabitants for household purposes a supply of water at the same rate that it agreed to furnish the plaintiff under the contract of 1895; in other words, that there are no dissimilar conditions existing between the plaintiff and the other inhabitants with reference to the cost and expense of furnishing water, and that the city is continuing to furnish other inhabitants an adequate and wholesome supply of water for household purposes at the rate of $1 per month. The contention of the appellant is that the contract, as stated in exhibit "A," and the ordinance upon which it is based, are unreasonable, and therefore void, and that for his refusal to enter into

a contract of that nature the city arbitrarily and without legal reason cut off his supply of water and disconnected him from the system; that his rights as a consumer were fixed under the contract that he had entered into in 1895, which could not be disturbed, except for reasonable rules and regulations, which it is not questioned the city had the right to make, regarding the use and consumption of water.

This court has previously held in the case of Lenzen v. the City of New Braunfels, which will be found reported in 13 Texas Civil Appeals, 335, that a city which by contract owes a duty to a consumer will be required to exercise ordinary care in furnishing and supplying him with the use of water. And the averments of the petition in terms state that the purpose of passing the ordinances which are here assailed was to evade the decision of this court in the Lenzen case; and the averments of the petition together with the terms of the contract as set out in exhibit "A" impress us with the belief that such was, in part, the purpose of the council of the city in passing the ordinances and requiring consumers to enter into contracts of the character set out in the exhibit.

A city has the power to require consumers to enter into contracts obligating them to comply with the reasonable rules and regulations which may be imposed for the operation and protection of the water system and for the use of water; but as a prerequisite to furnishing a consumer a supply of water the city has no power to require him to enter into an agreement absolving the city from the duties imposed upon it by law and release it from liability for its own negligence. The contract in question, which the plaintiff was required to sign, releases the city from liability for any scarcity or failure of supply of water, or for the quality thereof, or for any failure to supply water in the event of a fire or other causality or happening; and it expressly exempts it from liability for failure or scarcity of water for fire or domestic purposes.

It is averred in the petition that the sources from which the city obtained its water will furnish an unlimited supply of a wholesome quality, if the city should conduct its works with due care with reference to its obligation to the consumers. This contract, in terms, releases the city from its obligation to furnish water of good quality and sufficient quantity, and for a failure to supply water in the event of a fire on the premises or other causality or happening. In other words, the purpose of these stipulations in this contract seems to be, for any failure or refusal to furnish water to a consumer, either with reference to its quality or quantity, the city should be released from liability.

We are clearly of the opinion, in view of the duty that the city owes to its consumers of water, that the imposition of a contract of this nature would be unreasonable and therefore void. It is probably true, if a consumer had entered into a contract of this nature and the city had undertaken under it to supply him with water, but had violated its duty and obligations resting upon it to furnish him an adequate and wholesome supply of water when it had it in its power to do so, that

the consumer could have, nevertheless, held it liable for the damages he had sustained. For, although the consumer may have agreed to release the city, still, in urging his rights in an action against it, a court would not have enforced those provisions of the contract which were unreasonable in that they released the city from its own negligence. While it is true that no obligation would have been created against a consumer by reason of such unreasonable terms in a contract of this nature, still, the city has no right to require him to sign and execute a contract of this character as a prerequisite to his right to the use and consumption of water, and, upon failure to comply with this unreasonable request, to cut off the supply which he was entitled to by reason of his previous contract.

It is next contended that as the ordinance upon which this contract is based, together with a contract of this nature, are void as being unreasonable, the city could not require him, as a condition for the use of water, to enter into a contract of a nature called for by section 27 of the ordinances. We clearly think the plaintiff is also correct in this contention. It is averred in the petition that the other inhabitants of the city are enjoying the privilege of the use of water under a similar rate to that given to the plaintiff in the contract of 1895, and that the situation and condition of these people is similar to that of the plaintiff. Upon the refusal of the plaintiff to sign the contract, as stated in exhibit "A," the city had no authority, under the averments of the petition, to require him to enter into a contract such as is required in section 27 of the ordinances, for a contract as required by that ordinance would place a greater burden upon the plaintiff in requiring him to pay a greater price for the consumption of water for the same purpose for which it was furnished the other inhabitants of the city. A city has the power and right to prescribe reasonable charges for the use of water it furnishes to consumers, but it as no power to discriminate between the inhabitants of the city in its charges for the use of water when they occupy a similar situation.

The appellees contend that plaintiff should not resort to a court of equity for relief in a case of this nature, as he has an adequate remedy at law for damages. The law does not afford an adequate remedy in cases of this character. The plaintiff's wants in the use of water are immediate and pressing, and if he is deprived of it, it would be difficult to determine and accurately measure the damages that he has sustained. The use of water is a necessity and its want may be immediate and pressing, and it is difficult to see how a judgment for damages would be compensation for being deprived of the use of water, which is absolutely necessary, not only to make life enjoyable, but to sustain it.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*