# Montgomery L. & W. P. Co. *v.* Watts.

## *Mandamus.*

### (Decided Jan. 20, 1910. 51 South. 726.)

*Contracts; Franchise; Charges.*—Where a gas company's franchise requires it to supply gas to consumers at a price not exceeding a specific sum per cubic foot, and the consumer does not consume a minimum amount of gas per month, the company cannot charge the consumers meter rent to make up the minimum amount.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Mandamus by H. K. Watts against the Montgomery L. & W. P. Co., to compel it to furnish gas in accordance with the rates fixed by the municipal contract franchise ordinance. From a judgment awarding mandamus, defendant appeals. Affirmed.

STEINER, CRUM & WEIL, for appellant.—The regulation of respondent was not a meter rental particularly, but a minimum charge, and although the franchise may require it to furnish gas at a certain price per cubic foot, it will not be required to install a meter and be ready to serve an inhabitant who merely wants it for convenience to use when necessary.—*Fleming v.*

*Montgomery L. & W. P. Co.,* 100 Ala. 657. The ordinance fixing the charge for gas must be construed in the light of the custom of regulating public service charges which permits, although a maximum rate is fixed, public service companies to fix a minimum unit, and charge the prescribed rate for all above that.—*State v. Sedalia G. Co.,* 34 Mo. App. 501; *Buffalo v. Buffalo G. Co.,* 80 N. Y. Supp. 1093; *Smith v. Capital G. Co.,* 132 Cal. 209; *State v. Columbus G. Co.,* 34 Am. Rep. 390; *Louisville G. Co. v. Dulaney,* 100 Ky. 405. There is nothing in the franchise or charter prohibiting the company from charging a meter rental.—*Sheffield W. W. Co. v. Bingham,* 25 C. E. L. Rep. 443; *Public Service Company v. American I. Co.,* 57 Atl. 482; *Vicksburg W. W. Co. v. Vicksburg,* 206 U. S. 1155.

ARRINGTON & HOUGHTON, for appellee.—Charters of corporations are resolved, if doubtful, against the corporation.—*Tallassee F. M. Co. v. Com. Ct.,* 48 South. 354. Under this charter appellant cannot charge a meter rental or a minimum bill of $1.00 per month in addition to the maximum charge per 1,000 feet.—*Louisville G. Co. v. Dulaney,* 100 Ky. 405; *Capital G. & E. Co. v. Gaines,* 20 Ky. L. R.; Thornton on Law of Oil & Gas, Secc. 552 and 561, and authorities there cited.

SIMPSON, J.—This is an appeal from the action of the court on a petition for mandamus to compel the appellant to furnish gas in accordance with certain rates fixed by the ordinance of the city of Montgomery granting the franchise on the conditions therein named. Section 4 of the ordinance, which was accepted by the appellant, provided that said company should "at all times supply the inhabitants of the city with gas for lighting and heating purposes" at prices not ex-

ceeding $1.62 per 1,000 cubic feet for lighting pur-
poses, and $1.08 per 1,000 cubic feet for heating and
other purposes. There is no provision in the ordi-
nance in regard to meters, and the question at issue
between the parties is whether or not the said company
is authorized to charge to consumers a minimum
amount of $1.00 per month as meter rent, when said
consumer does not consume $1 worth of gas during
the month.

The decisions are not in harmony on this question,
though it will be found that the cases generally, which
justify such a charge, are based upon ordinances or
contracts differently worded, or upon general princi-
ples without regard to any contract—all of which can
be ascertained from an examination of the cases cited
in appellant's brief. However, the ordinance consti-
tutes the charter of the company, and the contract be-
tween it and the city is for the benefit of the citizens;
and the reasoning of the cases which deny such right
to the company under like circumstances commends
itself to our judgment. It may be admitted that, upon
general principles, it would be reasonable to allow such
a rule, where the amount of gas consumed is so small
as to render it unreasonable that the company should
furnish a meter and keep it up for so small an amount
of business, yet we do not see how a court can write
into the contract an additional provision. The agree-
ment of the company is to furnish gas at so much per
cubic foot, and that must necessarily mean that all the
means and instrumentalities necessary to furnish it, at
those rates, shall be provided by the company. It may
adopt any means, suitable and accurate, for ascertain-
ing the number of feet consumed, and the customer can-
not direct or provide what means shall be used; his
only concern being that he receives the service, and is
not charged more than the rate fixed by the law or the

contract. If the company desired the privilege of charging more in certain cases, it should have had a provision to that effect inserted in the ordinance before it accepted the same.

It will not do to say that the charge fixed was only for the gas, and does not refer to the meter. The meter belongs to the company, and is placed there by it in order to ascertain how much gas is being consumed. As has been aptly said: "Presumably the company was aware, when it obtained its charter and established its monopoly, that there would be small consumers, as well as large ones, and there would be less profit in furnishing the one class than the other; but it did not, on that account, reject the charter, or obtain the right to add to the price of the small consumer's bill." —*Louisville Gas Co. v. Dulaney & Alexander*, 100 Ky. 405, 38 S. W. 703, 36 L. R. A. 125, 126; Thornton on Oil & Gas, §§ 552, 561, 562. It is true that this court has held that a citizen who is using electric lights, and does not propose to use gas, cannot insist on having a meter placed in his house, merely to provide against accidents; but no such proposition is suggested in this case, as the petitioner proposes to use gas.—*Fleming v. Montgomery Light Co.*, 100 Ala. 657, 13 South. 618.

Section 5 of the ordinance is ambiguous in its meaning; but, whatever may be its meaning, it does not affect the merits of this case. Whether the additional charge be called a meter rent, or a minimum charge, neither is provided for in the ordinance; and to permit it would be to allow the company to charge more than is authorized by its charter.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.