# City of Montgomery v. McDade.

### Bill for Mandatory Injunction.

(Decided January 23, 1913.   Rehearing denied February 14, 1913.
60 South. 797.)

*Waters and Water Courses; Water Supply; Meter Boxes; Charges.*—In the absence of a special contract or charter authority a city exercising the functions of a public utility corporation in furnishing the water supply to its inhabitants, cannot charge consumers for the setting of meter boxes even though the charges be reasonable.

APPEAL from Montgomery Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. R. McDade and others for mandatory injunction against the city of Montgomery to require the said city in its capacity as a public utility concern to furnish him water through meter boxes without

[City of Montgomery v. McDade.]

charge for said boxes. From a decree granting the re-
lief prayed, respondent appeals. Affirmed.

JOHN V. SMITH, C. P. MCINTYRE and J. T. LETCHER,
and J. M. FOSTER, for appellant. The question to be
determined is whether or not a city can make a con-
tract with customers residing without its corporate
limits in which a greater rate is charged for water than
is charged to its customers residing within the limits
without being guilty of a discrimination; and can the
city make a charge of three dollars to cover the expenses
necessary in setting meter boxes on the premises of the
complainant. The first question is answered in the
negative by the opinion of the learned chancellor filed
in this court. The last question must be answered in
the affirmative.—McQuillians Munic. Ord., Vol. 4, pp.
35-37; *Lindsey v. Anniston,* 104 Ala. 256; *Ex parte Byrd,*
84 Ala. 20; 9 N. E. 883; 11 N. E. 218; 82 Calif. 286;
40 Cyc. 795. The bill was demurrable for a joinder of
parties who had no community of interests as complain-
ants.—*Roanoke Guano Co. v. Sanders,* 50 South. 198.

ROQUEMORE & GRAHAM, and HILL, HILL, WHITING &
STERN, for appellees. By charging appellees more than
is charged consumers in the city the city is discriminat-
ing unlawfully against the consumers on the outside.—
*Mobile v. Bienville W. S. Co.,* 130 Ala. 379; *Mayor v.
Birmingham W. W. Co.,* 42 South. 15; *Ferguson v.
B'ham W. W. Co.,* 164 Ala. 586. The city was without
right to charge the consumer for setting the meter.—
*M. L. & W. P. Co. v. Watts,* 165 Ala. 370; *Tallassee F.
M. Co. v. Com'rs Court,* 48 South. 354; *Smith v. B'ham,*
104 Ala. 323; 69 Amer. St. Rep. 304; 180 U. S. 624.
Counsel discuss other matters not necessary to be here
set out.

MAYFIELD, J.—This case is ruled by the case of *City of Montgomery v. Greene et al., Infra.,* 60 South. 900, except as to one question, and this involves the right of the city (which is exercising the functions of a public utility corporation, in furnishing water to the inhabitants of the city and to other consumers) to charge consumers with the cost of setting a meter box for measuring the water consumed by them respectively.

The right to make such charge must depend either upon a special contract to that effect, or upon charter powers authorizing the city, as a water company, to impose the same. The bill denies any such contract or agreement, and denies any charter power to require the consumer to pay any such charge. We find no authority in the charter which would authorize the city, by ordinance or otherwise, to require the consumers to pay such charge for installing meter boxes, which property belongs to the city or the water company, and is necessary to the performance of its charter powers in furnishing water to consumers, who are required to pay for water so measured by such meters.—*Montgomery Light & Water Power Co. v. Watts,* 165 Ala. 370, 51 South. 726, 26 L. R. A. (N. S.) 1109, 138 Am. St. Rep. 71; *Bothwell's Case,* 13 Idaho, 568, 92 Pac. 533, 24 L. R. A. (N. S.) 485; 40 Cyc. 795. The authorities seem to hold that without a special contract to this effect, a water company cannot require a citizen or a consumer to pay for a part of its system before supplying him with water, unless its charter expressly authorizes such charges against the consumer. The chancellor held in accordance with these views, and cites these authorities in support of his ruling, and we find no error in his decision on this question.

It is insisted by appellant, and authorities are cited to sustain its position, that provisions like the one in question, requiring the consumer to pay for a meter box, etc., are held to be reasonable. The answer to this contention is that, if the water company or the city is authorized to impose such conditions, the one in question might be reasonable; but the trouble is, as we have stated, there is no power shown in this case to impose such provisions or conditions on consumers before furnishing them water.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.

