**QUALITY LAUNDRY, INC., Appellant,**

v.

**SOUTHERN UNION GAS COMPANY, Appellee.**

**No. 11892.**

Court of Civil Appeals of Texas, Austin.

March 1, 1972.

Rehearing Denied April 5, 1972.

Second Rehearing Denied April 26, 1972.

Coleman Gay, Austin, for appellant.

Clark, Thomas, Harris, Denius & Winters, Barr McClellan, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee Southern Union Gas Company brought suit against the Appellant Quality Laundry, Inc. for $3,223.16 for natural gas furnished to Appellant in the City of Austin. Judgment was rendered for Appellee for the amount claimed plus attorney's fees of $1,074.38. Appellant was denied recovery on its cross-action for certain hereinafter described overcharges, and for the statutory penalty and attorney's fees provided for in Vernon's Tex.Rev.Civ.Stat.Ann. art. 6062, for violation of the rate ordinance.

We reverse the judgment of the trial court in part and affirm in part and render judgment as hereinafter described.

The essential facts in this case are not in dispute. Appellee Southern Union Gas Company furnishes natural gas to users within the City of Austin under a franchise from the City. In Section 13 of the franchise it is provided that:

"The City of Austin retains full and complete powers, within the limits of the Constitution and laws of this State, to fix and determine by ordinance from time to time throughout the life of this franchise a reasonable price for gas sold and distributed by Grantee [appellee] hereunder, and to prescribe a scale of charges therefor; . . .

As a condition precedent to its right to use the streets . . . of the City of Austin under this franchise, Grantee agrees that in no event will it charge more for natural gas and service of natural gas . . . than the rates and charges fixed and set forth in whatever ordinance or ordinances the City of Austin shall . . . hereinafter enact to supersede or amend the aforementioned ordinance, [2] and such agreement shall be a continuing one throughout the life of this franchise, and is the principal consideration upon which the granting of this franchise is based . . ."

Proceeding under the franchise, the City Council passed a new rate ordinance which became effective in October, 1964, and which prescribed the rate for the period involved in this suit. Under this ordinance, the "Large Volume Rate" was 37¢ per MCF for the first 300 MCF during a day period, with successively lower prices to 28¢ per MCF for each MCF in excess

of 2,000, and with a minimum charge of $111.00 per monthly billing period.

The amounts charged to Appellant for the period beginning March 20, 1969, and ending June 23, 1970 disclose that the least charge for those months is $143.42 for the period ending July 23, 1969, and that the greatest charge is $206.99 for the period ending October 21, 1969. Each charge is in excess of the $111.00 that would have been due under the "Large Volume Rate."

Under stipulation Appellant had paid, not only the amount that it owed if charged at the "Large Volume Rate," but it alleges that it had overpaid the amount legally chargeable by $594.88.

Appellee seeks to justify the charges made Appellant by virtue of its rule entitled "Initiation of Service," containing the following provision:

"(f) All Contracts for service under rate schedules for other than general service are a matter of negotiation between the Company and consumers and shall cover all matters which may be necessary or appropriate under the individual circumstances involved . . ."

Appellee takes the further position that before it gave Appellant or any other consumer the benefit of the "Large Volume Rate" it had the right to require the consumer to execute a contract; that only those consumers who signed such a contract had the right to buy gas at the "Large Volume Rate," regardless of the amount of gas used and regardless of the positiveness of the ordinance.

■ Thus the question in this case becomes whether or not a public utility can add requirements to a rate ordinance not provided for in the ordinance. We hold that it cannot.

The ordinance in question provides that:

*"The following rates are hereby fixed and determined as the rates authorized to be charged and placed in effect by* Southern Union Gas Company for natural gas service rendered through one meter at one location during a monthly billing period in the City of Austin, Texas . . ."* (Emphasis added)

The rate ordinance in question will be searched in vain for any indication that a consumer would not be entitled to the lower "Large Volume Rate" unless he signed a contract with Appellee to that effect. Appellee makes no claim that the ordinance contains any such provision. Its sole reliance is on one of its own rules which it had filed with the secretary of the City of Austin and with the Railroad Commission. The rule in question actually goes much further and provides that:

"All contracts for service under rate schedules for other than general service are a matter of negotiation between the Company and consumers and shall cover all matters which may be necessary or appropriate under the individual circumstances involved. To the extent that the provisions of any such special contract are at variance with those of these regulations, the provisions of the contract shall prevail."

In El Paso Electric Co. v. Raynolds Holding Co., 128 Tex. 495, 100 S.W.2d 97, 108 A.L.R. 744 (1937) the Court held:

"Under the statutes of this state, as well as by principles of common law, defendant was prohibited from discriminating between its customers, situated under like circumstances, either as to the service rendered or the charges made therefor. Plaintiffs had a right to rely on the presumption that defendant would obey the law and would give them the benefit of the rate they were entitled to receive under the published schedule."

Also see this Court's opinion in Dittmar v. City of New Braunfels, 20 Tex.Civ.App. 293, 48 S.W. 1114 (1899, no writ); Green v. San Antonio Water Supply Co., 193 S.W. 453 (Tex.Civ.App.1917, no writ); Louisville Gas Co. v. Dulaney, 100 Ky. 405, 38 S.W. 703, Ky.Ct. of Appeals, 1897.

Cases cited by Appellee are not in point[1] as these are situations where the rate in question was not fixed by franchise or ordinance and the utility could charge such rate as it could get from the consumer, provided there was no discrimination among them.

Nor have we been shown any authority, by statute or otherwise, permitting the charging of a higher rate merely because Appellee has filed a rate schedule showing the higher rate with the City of Austin or with the Railroad Commission.

Consequently, we hold that Appellant is entitled to recover the overcharges with interest it was required to pay.

We overrule Appellant's contention that the trial court erred in denying to Appellant recovery for penalty and attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 6062 by reason of Appellee's overcharges. Article 6062 applies only where there is discrimination in rates.

Appellant's cross-action alleged an overcharge on Appellee's part on the theory discussed above. We observe that discrimination was not pleaded or proved. The difference between overcharge and discrimination is discussed in an exhaustive opinion by the Supreme Court of Texas in United Gas Corporation v. Shepherd Laundries Co., Inc., 144 Tex. 164, 189 S.W.2d 485 (1945). Discrimination requires proof that competition between rate payers is a factor and damages must be alleged and proved. Such is not the case here.

We reverse that portion of the trial court's judgment denying Appellant recovery for overcharges and render judgment that Appellant recover the difference between the actual charges made and the charges that should have been made under the ordinance. We also reverse and render that portion of the judgment allowing Appellee to recover attorney's fees.

We affirm that portion of the judgment disallowing Appellant penalties and attorney's fees.

Affirmed in part; reversed and rendered in part.

## ON MOTION FOR REHEARING

We revise the decretal paragraph of our opinion to read as follows:

We reverse that portion of the trial court's judgment denying Appellant recovery for overcharges and render judgment that Appellant recover the difference between the actual charges made and the charges that should have been made under the ordinance. We reverse and render that Appellee take nothing.

We affirm that portion of the judgment disallowing Appellant penalties and attorney's fees.

---

1. Rio Grande Valley Gas Co. v. Ford, Tex. Civ.App., 169 S.W.2d 263 (affirmed 141 Tex. 525, 174 S.W.2d 479); Leslie v. Houston Natural Gas Corporation, 280 S.W.2d 353 (Tex.Civ.App.1955, writ ref'd n. r. e.); United Gas Corporation v. Shepherd Laundries Co., Inc., 144 Tex. 164, 189 S.W.2d 485 (1945).