RUSSELL, Judge.
This is an appeal from the trial court’s judgment awarding the Dallas Water and Sewer Authority the amount of $384.55 owed by Gilbert Plante (appellant) as charges for past water service, including the installation of a meter, at his place of business. The action for collection of this past due amount was originally filed in the small claims court of Dallas County as a counterclaim to the appellant’s action for property damage.
The judgment appealed from followed an ore tenus hearing. Such judgments are accorded a presumption of correctness and will not be reversed unless they are plainly and palpably wrong. Kwick Set Components, Inc. v. Davidson Industries, Inc., 411 So.2d 134 (Ala.1982). Furthermore, due regard must be given to the trial court’s opportunity to judge the credibility of witnesses before it. Underwood v. Jarvis, 358 So.2d 731 (Ala.1978).
The appellant raises two issues on appeal. Initially, he asserts that the appel-lee was without authority to charge him for the cost of installing a water meter at his place of business. He cites City of Montgomery v. Smith, 205 Ala. 557, 88 So. 671 (1921), as support for this proposition. It states: “ ‘We find no authority in the charter which would authorize the city, by ordinance or otherwise, to require the consumers to pay such charge for installing meter boxes_’” Id. at 560, 88 So. at 673 (quoting City of Montgomery v. McDade, 180 Ala. 156, 158, 60 So. 797 (1913) (citations omitted)). However, we find the facts in the Smith case to be distinguishable from those in the present action.
The Dallas County Water and Sewer Authority operates under the auspices of Title 11, Chapter 88 of the Code of Alabama of 1975, while the water works in Smith derived its authority from 1891 Ala.Acts, No. 102. That act specifically limited the remu *1058 neration charge to rates for water “supplied” or “used or consumed.” Section 11-88-7(a)(24), Ala.Code 1975 (1985 Repl.Vol.), however, includes among its grant of authority the power “[t]o fix and revise from time to time reasonable rates, fees and other charges for water service.” The term “water service” is defined in § 11-88-1(24) (emphasis supplied) as follows: “WATER SERVICE. The providing, furnishing, supplying or distributing of water and the performing of all of the functions and activities reasonably incident to the operation of a water system."
It is clear that the installation of a meter at the appellant’s place of business was an act reasonably incidental to providing such service. Consequently, we find no error as regards the trial court's assessment of charges for the installation of a meter.
The appellant next contends three points of error based on the trial court’s rulings on disputed evidence. First, the appellant asserts that the decision of the trial court is against the great weight and preponderance of the evidence in that he claims there was insufficient evidence to substantiate the appellee’s contention that there was no meter located at the appellant’s place of business prior to the installation of the meter for which he was charged. Arguably, there would have been no charge for the installation of a new meter if one had previously existed at the site. There was, however, testimony by the manager of the water authority that there had been no meter at that location prior to the one currently placed there. Furthermore, she testified that any reference to a meter number on a receipt given to the appellant was inadvertent. Consequently, we find that there was sufficient evidence to support the trial court’s decision that the appellant was properly charged for the installation.
Second, the appellant asserts that termination of his service for non-payment was improper due to a dispute over the amount actually owed. As regards the amount of $200, which represents the charge for installing the meter, we have already ruled that this charge was proper. The remaining amount, however, represents charges for the water provided. The appellant alleges that the meter functioned improperly, resulting in an excessive charge.
At trial, the evidence of a leak failed to demonstrate that it resulted from a malfunctioning meter. Rather, there was testimony that the leak occurred within the building itself. Furthermore, the leak occurred after the water authority had terminated the appellant’s service and placed a lock on the meter valve. Therefore, in light of the conflicting testimony, we find no error in the trial court’s finding that the leak was not caused by a defective meter or in its awarding the appellee money owed it by the appellant.
Last, the appellant asserts that he should be allowed to recover for damages resulting from the alleged leak. As we have previously stated, however, the damage complained of was said to have occurred after the appellant’s service was terminated. Moreover, the appellant’s testimony that the leak resulted from a defective meter is contradicted by his own further testimony that the leak which damaged his property occurred within the building, and not at the allegedly defective meter. Therefore, it was not error for the trial court to deny the appellant’s claim for property damage.
Given our standard of review, we find no evidence that the trial court erred. Consequently, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J„ concur.