CHRISTIAN LINCK

v.

CITY OF LITCHFIELD.

*Municipal Corporations—Negligence—Refusal to Repair Water Main —Action for Damages.*

1. The extension or maintenance of water mains in particular places, by municipal authorities, is discretionary with them.

2. There can be no recovery from a municipal corporation by a consumer of water, for expenses incurred by him in connecting with a public water main which is subsequently abandoned.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. A. CREIGHTON, Judge, presiding.

Statement.    Copy of declaration.

In Circuit Court, Nov. Term, 1887.

State of Illinois, } ss.
Montgomery County, }.

Christian Linck, plaintiff in this suit, by his attorney, complains of the city of Litchfield, defendant. Summoned, etc., of a plea of trespass on the case.

For that, whereas, the plaintiff heretofore, to-wit: On the 10th day of September, 1882, at and in the city of Litchfield, in the said county, was the owner and in possession of a

Linck v. City of Litchfield.

certain barn and premises, with the appurtenances thereto attached, and from thence hitherto hath owned and possessed the same, in and upon which said barn and premises the plaintiff kept divers horses, cattle and hogs during all the time aforesaid, and which barn and premises were near to a certain street, called Monroe street, in said city of Litchfield; and also from thence hitherto the plaintiff owned and possessed a certain dwelling house and premises, with appurtenances, in which from thence hitherto the plaintiff with his family dwelt, and which dwelling house, with the appurtenances, were near to a certain street, called Monroe street, in said city of Litchfield, and also from thence hitherto the plaintiff owned and possessed a certain hotel and premises, with the appurtenances, and which hotel and premises were near to a certain street, called Monroe street, in said city of Litchfield; and also, from thence hitherto the plaintiff owned and possessed a certain other barn and premises, with the appurtenances, in which the plaintiff kept divers horses, cattle and hogs, and which barn and premises were also near said certain street, called Monroe street, in the said city of Litchfield. And whereas, also, the defendant, on the day and year and in the city and county aforesaid, owned and controlled certain waterworks and reservoir filled with water, sufficient to supply all the inhabitants of said city with a sufficient supply or quantity of water, and then and there the defendant, and from thence hitherto, had laid down and owned a certain main waterpipe or tile in the said Monroe street, connecting with said reservoir, by means whereof the said defendant could and did supply all the citizens of said city residing or owning real estate near said Monroe street with an abundant supply of water. And it was provided by an ordinance of said city that the inhabitants thereof residing near said main pipe, by paying the costs and expenses of connecting water pipes or tiles with said main pipe or sewer aforesaid, and by paying a certain sum of money, to wit, four dollars, to a licensed plumber, and upon making application in writing to the city clerk of said city, and by paying a certain large sum for water tax, might have license and permission to connect

their several premises and houses with said main pipe, and might thereby obtain a sufficient supply of water for their several uses and purposes; and the plaintiff avers that he did make application in writing to the said clerk of the said city of Litchfield for permission to connect his said two barns and premises and his said hotel and dwelling house and respective premises, with the appurtenances thereto attached, so that he might thereby and did obtain a sufficient supply of water for the same from said main pipe, to wit, on the day and year, and at said county, and on divers days and times since, and permission for the purposes aforesaid was granted said plaintiff for said purposes, to wit, on the said day and year and at said city, county and State, and in consideration of the premises and for the said license, and at the special instance and request of the defendant, the plaintiff paid, laid out and expended divers large sums of money as expenses in connecting said premises aforesaid and for the license aforesaid, to wit, two hundred dollars for water as aforesaid for his hotel, two hundred dollars for water as aforesaid for his dwelling house, and one hundred dollars to get water as aforesaid for each of his said barns, and three hundred dollars to procure water license for the uses and purposes aforesaid. And in consideration of the premises the defendant permitted the plaintiff to procure, as aforesaid, water for his said dwelling house, hotel and barns and premises aforesaid. And afterward, to wit, on the first day of January, 1883, at said city, county and State, the said main pipe in said Monroe street became and was out of repair and leaked, and although requested by the plaintiff at divers times to repair said main pipe in Monroe street, the defendant wrongfully, fraudulently and maliciously, to harass, wrong, injure and oppress the plaintiff, refused to do so, although the cost of said repairs would have amounted to a small sum of money, to wit, eight dollars, and although the defendant had sufficient revenue and means to repair and keep said main pipe and all others in said city and said waterworks and reservoir in good and sufficient repair, to wit, from thence hitherto, by means of the premises, the plaintiff was for a long time de-

Linck v. City of Litchfield.

prived of water for his two barns, to wit, from thence hitherto; and by means of the premises, the plaintiff was for a long time deprived of water for his hotel and dwelling house and premises, with their appurtenances, to wit, three years and six months, and by means of the premises the plaintiff was compelled to and did pay and lay out a large sum of money, to wit, five hundred dollars, in and about the connecting his said hotel and dwelling by means of water pipes and tiles, with another main pipe in State street in said city, the latter street being remote from the said hotel and dwelling house and premises.

And plaintiff further avers that ever since the day and year aforesaid, and from thence hitherto, he has kept his said connecting water pipes, connecting his said barn and premises with the said main pipe in Monroe street, in proper repair, and has repeatedly, from year to year since that time, requested the defendant to repair the said main pipe in Monroe street, and thereby supply the plaintiff with water for his barn on the east side of Monroe street, on lot 4, in block 30, in the original town, now city, of Litchfield, and on the first day of July, 1887, requested in writing the defendant to repair the same, but the defendant refused to do so, and by reason of the premises last aforesaid, the plaintiff hath from the day and year first aforesaid hitherto, been greatly damaged and incommoded and put to great inconvenience in endeavoring to supply his said mentioned barn and premises with water sufficient for his cattle, horses and hogs, and thereby suffered and sustained damages in the sum of, to wit, five hundred dollars ; and the plaintiff hath always and at all times since the day and year first aforesaid, been ready and willing, and repeatedly offered to pay his water tax for the purpose aforesaid.

And the plaintiff further avers that in consideration of the premises, it became and was the duty of the defendant, from the day and year first aforesaid hitherto, to maintain and keep said main water pipes or tile in Monroe street in good and proper repair, so that the same would not leak, yet the defendant, unmindful of its said duty in the premises, but

contriving and intending wrongfully and injuriously to wrong, injure, damage and oppress the plaintiff, wrongfully, maliciously and unjustly neglected its said duty in the premises, and failed, neglected and refused, though often requested, to repair and keep in proper condition during all the time aforesaid, the said main pipe or tile in the said Monroe street aforesaid; by means of which said several premises the plaintiff hath been greatly injured, prejudiced and aggrieved, and hath sustained damages to the amount of $5,000; therefore he brings suit.

Messrs. A. N. KINGSBURY and LANE & COOPER, for appellants.

This action was brought for damages for a failure to perform a plain duty, under all the circumstances of the case. If cities can cut loose from large manufacturing establishments, under the facts of this case they have the power of inflicting bankruptcy and financial ruin upon persons and corporations, who, relying on the good faith of the city to continue a supply of water, invest large sums of money upon the faith of the conduct and implied promise of the city; and a private citizen would have the same right of action, where, as in this case, he invests large sums of money to communicate with waterworks, as large capitalists would have.

" The rule seems to be well settled that corporations and incorporated companies may be sued in that character, for damages arising from a breach by them of a duty imposed by law. 1 Chit. Pl., 77. In Angell and Ames on Corporations, 327, it is laid down, that an action on the case will lie against a corporation, to compel a transfer of stock. In the case of Shepley v. The Mechanics' Bank, 10 Johns. 484, for a *mandamus* to compel the bank to allow the transfer of certain shares of stock, the court refused the writ upon the express grounds that the applicant had an adequate remedy by an action on the case, to recover the value of the stock. The case of The King v. The Bank of England, Doug'as, 524, holds the same doctrine, and in that case the *mandamus* was for

the same reason refused, as in the case of Shepley v. The Mechanics' Bank. An action on the case, it has been held, will lie against a corporation for the neglect of a corporate duty. Mayor of Lynn v. Turner, Cowp. 86. Numerous additional adjudged cases might be referred to in support of this rule, but we regard the rule well settled that the party injured may maintain an action on the case against a corporation for a neglect of any duty imposed by their charter." Claybaugh v. Chicago, 25 Ill. 440.

The occupant of a tenement entitled under the statute and ordinance to the use of the water therein on payment or tender of the specific rate, may maintain a bill in equity to restrain the city and the registrar from cutting off the water from his suite of rooms. Young v. Boston, 104 Mass. 95.

Owners and occupants are entitled to demand a supply of water for domestic purposes, when they have laid down communication pipes and paid or tendered the water rate payable in respect thereof. West Troy Water Works Company v. The Village of Green Island, 32 Hun (N. Y.), 530.

Messrs. Joseph E. Paden and George L. Zink, for appellee.

The city of Litchfield is organized under a special charter, and among the powers given to the city council under that instrument, is one "to provide the city with water; to make, regulate and establish public wells, pumps and cisterns, by drains, hydrants and reservoirs in the streets, within the city or beyond the limits thereof, for the extinguishment of fires and the convenience of the inhabitants, and to prevent the needless waste of water."

This is the usual power vested in the common council of municipal corporations, and the exercise of that power is wholly discretionary. We take it that no principle of law is better settled than that where the power in the common council of a municipal corporation is discretionary, and not ministerial, the exercise of that power can not be inquired into by the courts.

"It being discretionary with the city whether it should or

not construct reservoirs, having constructed them, it was discretionary with the city whether it would maintain them or allow them to fall into disuse." Grant v. Erie, 69 Pa. St. 420.

"Municipalities are answerable for neglect to perform an absolute duty as distinguished from a discretionary duty, and for neglect to execute a private, as distinguished from a public power." Kiley v. Kansas City, 2 West. Rep. 201.

"The law vests in the city the discretion whether it would maintain the sewer or allow it to fall into disuse." Mendel v. Wheeling, 28 W. Va. 233; Nickerson v. Bridgeport Hydraulic Co., 46 Conn. 24; Robinson v. City of Evansville, 87 Ind. 334; Smith v. Philadelphia, 81 Pa. St. 38.

"The inclination of the courts has been not to press the pecuniary liability of municipal corporations, which is distinctly recognized where the duty is a corporate one, absolute and perfect, and owing to an injured party, in cases where a duty is assumed, not for a corporate benefit, but the common good. They have refused to hold a city liable for the acts of its police officers, although they are appointed by it; for the misconduct of the members of the fire department, or for the city's own neglect to provide suitable engines or fire apparatus, or to keep in repair public cisterns, or continue the supply of water to particular hydrants." Dillon on Mun. Corp., Secs. 723, 774 and 775; Taintor v. Worcester, 123 Mass. 311; Lansing v. Toolan, 37 Mich. 152; Wheeler v. Cincinnati, 19 Ohio St. 19.

The principles applicable to this case are clearly set forth in the case of Wilson v. Mayor, etc., of New York, 1 Denio, 595, and we quote in full the last paragraph of the opinion therein:

"Although the language of the statute which confers on the defendant power to make sewers and drains is that of permission and not of command, yet in its nature it is clearly imperative. It is equivalent to an express enactment that it shall be the duty of the mayor, aldermen, etc., to make all needful sewers, drains, etc., in said city. The statute imposes not only a moral but a legal duty to that extent, and for a

wilful violation of which the guilty individuals may be indicted and punished. But so far as respects a civil remedy it is otherwise. To that extent the decision of those whose duty it is to pass upon the question is absolutely conclusive. They may err in holding the work ought not to be done, or the decision may be one of culpable neglect or corruption; still the law authorized them to determine the question, and it will not permit their decision to be overhauled in a civil action."

Conger, J. A general demurrer was sustained to the foregoing declaration, and we think properly.

The power of the city to extend water mains, or to maintain them in particular places is, in its nature, legislative and governmental, and must of necessity be discretionary.

If municipal authorities were compelled to construct or maintain water pipes, whenever courts or juries might think proper, there would be an entire subversion of municipal government and control. Grant v. Erie, 69 Pa. St. 420; Mendel v. Wheeling, 28 W. Va. 233; Dillon on Municipal Corp., Secs. 723, 774; Wilson v. Mayor of N. Y., 1 Denio, 595; Cooley's Constitutional Limitation, 208, 209.

Appellant insists that he ought to recover under this declaration: "The amount expended in making the connection with the main pipe, and the amount of the water tax paid, or a proportionate part thereof, to be proved to the jury."

It is not alleged that there was any unexpired time covered by his license, or water tax paid; and for expenses in making a connection with a main which the city authorities believe to be to the public interest to abandon, there can be no recovery.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*