(November 9, 1907.)

## FRED L. BOTHWELL, Appellant, v. CONSUMERS' COMPANY, LTD., Respondent.

[92 Pac. 533.]

WATER CORPORATIONS—DUTIES TO CONSUMERS—DUTY OF COMPANY TO PAY FOR ITS OWN LATERALS, PIPES AND CONNECTIONS.

1. Where the water company has fixed the rates for which it will supply consumers with water for domestic purposes, but no rate has been fixed in the manner prescribed by the statute, and a consumer offers and tenders the company the monthly rate fixed by it and demands that he be supplied with water, the company will not be allowed to defend upon the ground that no rate has ever been fixed in the manner prescribed by law, as the primary duty of causing the rate to be established in the manner prescribed by law rests upon the company.

2. All the mains and laterals of a water system within the franchise limit belong to the company owning the franchise, and it is the duty of the company to construct the same at its own expense and connect with the pipes of the property owner at the line of his property and the limit of its franchise.

3. Where a lot owner constructs a building on his property and places water-pipes and fixtures therein, and extends the same to the street adjoining, and thereupon tenders to the water company

the monthly rent charged by it, it becomes the duty of the company to make the necessary tap and connections and furnish the property owner with water as demanded.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District, for the County of Kootenai.  Hon. W. W. Woods, Judge.

Action by the plaintiff to compel the defendant water company to tap its main and connect with the water-pipes of plaintiff at the line of his property.  Demurrer to the complaint was sustained, and judgment of dismissal was thereupon entered.  Plaintiff appealed from the judgment.  *Reversed.*

Reed & Boughton, for Appellant.

There is no contention in this action on the part of the appellant regarding the reasonableness of the monthly water rates established by respondent.  That rate appellant is ready and willing to pay, but contends that he should not be compelled to pay $8 or $10 for tapping the main, or, in other words, to pay for a part of respondent's water system.  It was the duty of respondent to have the rates established in the manner provided by law, which it did not do.

Respondent's water mains, pipes, laterals, connections, fittings and all other facilities for conveying, distributing and carrying water under its franchise are owned and under the absolute control of the respondent.  Hence the cost and expense of putting in these facilities must be borne by respondent.

The term "lateral" comprehends that part of respondent's system of waterworks from the tap in the mains to the connection of the service pipe of the consumer.  (*Jackson v. Mayor,* 4 N. Dak. 478, 61 N. W. 1030.)  Appellant cannot be compelled to pay for any part of respondent's system of waterworks.  (*Wilterding v. Green,* 4 Idaho, 773, 45 Pac. 134; *Wheeler v. Irrigating Co.,* 10 Colo. 582, 3 Am. St. Rep. 603,

17 Pac. 487; *Northern Colorado Irr. Co. v. Richards,* 22 Colo. 450, 45 Pac. 423; *San Diego Land & Town Co. v. City,* 74 Fed. 79; *Pocatello Water Co. v. Standley,* 7 Idaho, 155, 61 Pac. 418.)

There is no question about the demand that appellant pay $40 water rent in advance being unreasonable. (*Wheeler v. Northern Colo. Irr. Co.,* 10 Colo. 582, 3 Am. St. Rep. 603, 17 Pac. 487; *Rockland Water Co. v. Adams,* 84 Me, 472, 30 Am. St. Rep. 368, 24 Atl. 840.)

Corporations furnishing water are public service corporations, and must furnish water to all persons on the line of their mains without discrimination in charges. (*Haugen v. Albina Light & Water Co.,* 21 Or. 411, 28 Pac. 244, 14 L. R. A. 424; *McCreary v. Beaudry,* 67 Cal. 120, 7 Pac. 264; *Olmstead v. Morris Aqueduct,* 47 N. J. L. 311; *Spring Valley Waterworks v. Schottler,* 110 U. S. 347, 28 L. ed. 173, 4 Sup. Ct. Rep. 48; *Price v. Riverside Land etc. Co.,* 56 Cal. 431.)

Robert H. Elder, and M. A. Folsom, for Respondent.

The right to collect pay for water is a franchise and can be exercised only in the manner pointed out by the statutes. (*Wilterding v. Green,* 4 Idaho, 733, 45 Pac. 134; *Waterworks v. Bryant,* 52 Cal. 132; *San Francisco etc. Factory v. Brickwedel,* 60 Cal. 166; *Waterworks v. Schottler,* 110 U. S. 347, 28 L. ed. 173, 4 Sup. Ct. Rep. 48; *San Francisco v. Waterworks,* 53 Cal. 608; *Jacobs v. Board of Supervisors,* 100 Cal. 121, 34 Pac. 630.)

What the terms, rates, and conditions shall be the statute (Sec. 2711, Rev. Stats. of Idaho, as amended by House Bill No. 168, Sess. Laws 1905, p. 192) authorizes the water commission to say. It is clear that the plaintiff has a plain, adequate and speedy remedy at law. (*Wilterding v. Green,* 4 Idaho, 773, 45 Pac. 134; *People v. Stevens,* 62 Cal. 209.)

The constitution provides that the right to collect the rates thus established by the water commissioner is a franchise, and cannot be exercised except by authority of and in the manner prescribed by law. (Idaho Const., art. 15, sec. 2.)

Until the rates and terms have been established in accordance with the constitution and statutes, a contract for the payment of a rate fixed in a manner other than the manner provided by the statute is void, and cannot be enforced. (*San Francisco etc. Factory v. Brickwedel,* 60 Cal. 166; *People v. Stephens,* 62 Cal. 209; *Wheeler v. Northern Col. Co.,* 10 Colo. 582, 3 Am. St. Rep. 603, 17 Pac. 487; *Jack v. Village of Grangeville,* 9 Idaho, 291, 74 Pac. 969; *Waterworks v. Bryant,* 52 Cal. 133; *Wilson v. Perrault,* 6 Idaho, 178, 54 Pac. 617; *Sheward v. Citizens' Water Co.,* 90 Cal. 635, 27 Pac. 439; *San Diego v. San Diego Water Co.,* 59 Cal. 517; *Spring Valley Waterworks v. San Francisco,* 61 Cal. 18; *Boise City v. Water Co.,* 4 Idaho, 351, 39 Pac. 562.)

AILSHIE, C. J.—This action was commenced by the appellant filing his affidavit or petition in the district court praying for the issuance of a writ of mandate against the respondent, directing and requiring it to make a tap in its water main and connect the same with the water-pipe leading to appellant's premises. The petition alleges that the plaintiff is a citizen and resident of the village of Coeur d'Alene, and residing on lot 2 of block 4 in Russell's addition to that village, being situate on the west side of Second street therein; that he had constructed a dwelling-house thereon, and fitted the same with water-pipes, fittings and fixtures, and had extended a pipe of proper and suitable size from his residence to Second street, and a distance of six feet beyond his property line into the street, and that he thereupon tendered to the respondent the sum of $1.75, the amount charged by it as water rent for one month for a house of the size of that owned and occupied by appellant. He alleges that the respondent is a corporation organized and existing under the laws of this state for the purpose of furnishing and supplying water to the village of Coeur d'Alene and the inhabitants thereof, and that it is engaged in selling and delivering water to the inhabitants of that village, and that it is acting and operating under a franchise granted it for such purpose by the board of trustees of the municipality. He also alleges that the water company has a main running along Second street in front of his property,

and that it has an abundant supply of water and more than is sold or contracted, and sufficient to supply appellant in addition to all the other inhabitants of the village.    It is alleged that the company "refused to make said tap in its water main, and connect the same with plaintiff's water-pipe on said premises, or to furnish plaintiff water for domestic purposes at said premises unless plaintiff would pay to said defendant the sum Ten Dollars ($10.00) for a ¾-inch tap; or deposit with said defendant the sum of Fifteen Dollars ($15.00) for said tap, which said sum of money, less all expenses of putting in said tap and the cost of the corporation cock, would be refunded to said plaintiff at any time said tap was no longer needed; or that plaintiff deposit with said defendant the sum of Forty Dollars ($40.00) to be applied on the water rent at said premises."

The company demurred to the complaint on three separate grounds: 1. For want of jurisdiction; 2. On the ground of failure to state facts sufficient to constitute a cause of action; 3. For ambiguity and uncertainty.    The first and third grounds have been practically abandoned upon the argument of the case.    They contain no merit whatever.    The second and only ground urged is that the complaint failed to state facts sufficient to entitle the plaintiff to any relief.    The principal point urged on behalf of the company is that under sections 1 and 2 of article 15 of the constitution, the use of the waters of this state for sale, rental or distribution is a public use, and that the right to collect rates or compensation for the use of such waters in any city or town, or to the inhabitants thereof is a franchise, and cannot be exercised in any manner except as prescribed by law, and that in compliance with these constitutional provisions the legislature, by section 2711, Revised Statutes, as amended in 1905 (Sess. Laws 1905, p. 192), has prescribed the method and manner of fixing water rates to be charged and collected by water companies, and that a rate fixed in any other manner is unlawful and cannot be collected, and no contract or obligation can be founded upon it.    In other words, it is argued on behalf of the company that since the plaintiff fails to show that this water rate of

$1.75 per month for supplying dwellings of the size and character of appellant's was fixed in the manner prescribed by law, he has failed to show such a tender of water rent as would entitle him to the use of water and to have his premises connected with the company's water system. The appellant argues, on the other hand, that it cannot make any difference how the rate was established, whether in conformity with the law or by mutual agreement between the company and the consumer, or by the company individually and alone; if he is willing to pay the price the company demands, and tenders to it that sum, he is entitled to have water, and consequently entitled to the mandate of the court compelling the company to make the necessary connection with his pipes.

Respondent has placed special reliance upon *San Francisco P. W. Factory v. Brickwedel,* 60 Cal. 166, and *San Diego v. City of San Diego,* 59 Cal. 517. These cases do not support the contention made by respondent. They do hold that a contract made between a water company and a city in violation of either the constitution or statutes is void, and cannot be made the basis of an action for the recovery of water rents, nor can it be made the basis of an action for the enforcement of a contractual relation that is contrary to the provisions of the constitution or statutes. The courts have almost uniformly refused to allow a water company to recover rental rates from a city where the statute made it the duty of the company to furnish water for those purposes free. They have also refused to allow a water company to recover rates from an individual or private consumer where it failed to show that it had taken the necessary steps to have the rates established in the manner pointed out by statute. We have failed, however, to find a single case where a company had fixed its own rates, and the individual had offered to pay such rates, that a court has refused to allow him to pay that rate or refused to compel the company to supply him with water upon the tender of such rate. A different question would arise if the company were seeking to recover water rents from a consumer, and failed to show a compliance with the statute in the matter of fixing rates. The duty of action in the matter of establishing

rates rests on the company and not primarily on the consumer, and the company will not be allowed to plead its own negligence and laches to justify and excuse its refusal to furnish water to one residing within the franchise limit. A different rule would lead to dangerous and unjust results, and place in the hands of water corporations the power of discrimination and oppression.

The only further point to be considered in this case is whether the water company can require the consumer to pay for the tap and for making the connection with its main. It seems that this point ought to be disposed of without much difficulty. The franchise for laying pipes in the streets and alleys and maintaining and operating a water system is granted by the municipality to the water company. The property owner has no right or franchise to dig in the streets and alleys and lay pipes, and if he should do so he would acquire no property right therein. The main and all laterals, fixtures and connections within the franchise limit belong to the company, and altogether constitute the water system. It is not the business of the citizen or consumer to construct any part of the company's system, nor is it the company's business to place the pipes and fixtures on the consumer's premises. There is a clear and well-defined boundary line existing between the property of the water company and the property of the lot-owner—that line is the one existing between the lot and the street or alley. The citizen owns his pipes and fixtures to that line, and beyond it is the company's property and water system. The rights, duties and obligations of each go to this extent, and no further. The company in the enjoyment of its franchise privileges is placed by the constitution under a public duty to supply water to all living within the franchise limits on payment of the rental rates. It owes this duty to everyone so long as it has water to sell, whether he be on the line of its main or at a great distance therefrom. Water rates are established and collected in order to compensate the company for its investment, and it cannot be allowed in addition to these rates to require a citizen to pay for a part of its system before supplying him with water. This court

held to the same effect in *Pocatello Water Co. v. Standley*, 7 Idaho, 155, 61 Pac. 518.

The appellant stated a good cause of action in his complaint, and the demurrer should have been overruled and the defendant required to answer. The judgment is reversed and the cause remanded, with directions to overrule the demurrer and require the defendant to answer. Costs awarded to appellant.

Sullivan and Stewart, JJ., concur.