## Mountain Water Company v. May.

(Decided June 14, 1921.)

### Appeal from Pike Circuit Court.

Waters and Water Courses—Municipal Water Supply—Compelling Extensions.—Ordinarily, mandamus or mandatory injunction will lie at the instance of a consumer to compel a water company to extend its mains to any part of the city where its franchise requires it to operate, but the right to such relief is not absolute, and relief will be denied where it is shown not only that the income from the extended service will not compensate the company for the cost of the extensions, but that the company's income is consumed in the operation and maintenance of the plant, that its franchise will expire in about two years, that it has no funds on hand with which to make the extensions and is unable to borrow the money, and if compelled to make the extensions, will be thrown into bankruptcy, and will be unable to furnish fire protection for the city, or to continue the service to those who are using its water.

AUXIER, HARMAN & FRANCIS for appellant.

PICKLESIMER & STEELE and WILLIS STATON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On the application of L. J. May, a resident of Pikeville, a mandatory injunction was granted compelling the Mountain Water Company to extend its pipe line from its main line along High street to a point opposite May's residence, for the purpose of affording him the necessary water connection. The company appeals.

The facts are as follows: The Mountain Water Company is operating its water works system in Pikeville, a city of the fourth class, under a franchise which became effective August 29, 1908, and expires February 28, 1923. After providing that the water pipes should be placed in the center of the streets, alleys and public highways, the franchise contract provides as follows:

"Sec. 5. Said water works and sewerage system shall be for the use of inhabitants generally, and no street or locality shall be deprived of, nor discriminated against, in the use thereof."

High street was not opened up until the year 1914, and there are only three or four residences on the street. To reach the May premises it will be necessary for the company to extend its main for a distance of 725 feet,

and the expense will amount to about $3,500.00. If the relief be granted in this case the residents on other streets are preparing to make similar demands, and to meet these demands the cost of material alone will be about $16,000.00. When the extensions are made the income therefrom will be wholly insufficient to pay the interest on the expenditure, to say nothing of the cost of maintenance. Furthermore, the company has an outstanding indebtedness of $7,500.00. It pays no dividends and its entire income is consumed in the operation and maintenance of its plant. It has no funds on hand with which to make the extensions, and in view of the fact that its franchise expires in 1923, it is unable to borrow the money. If compelled to make the extensions, the company will be thrown into bankruptcy, and will be unable to furnish fire protection for the city, or to continue the service to those who are now using its water.

This is not a case where a public service commission has the power to determine when and upon what terms a water company shall extend its mains for the purpose of meeting the demands of the inhabitants of the municipality. Nor is it a case where the city itself is engaged in furnishing water to its inhabitants, and therefore exercises a governmental discretion with which the courts will not interfere. Moore v. City Council of Harrodsburg, 105 S. W. 926, 32 Ky. L. R. 395; Browne v. Bentonville, 94 Ark. 80, 126 S. W. 93; Linck v. Litchfield, 31 Ill. App. 118; Lawrence v. Richards, 111 Me. 95, 88 Atl. 92, 47 L. R. A. (N. S.) 654. On the contrary it is a case where an independent corporation exercises a franchise under a contract providing in substance that the water works shall be for the use of the inhabitants generally, and that no street or locality shall be deprived of or discriminated against in the use thereof. Under this contract it is the duty of the water company, as new streets are opened within the limits of the city as they existed when the franchise was granted, and residences are built thereon, to extend its mains so as to furnish the occupants of such residences with water. Ordinarily, a mandamus or mandatory injunction will lie at the instance of a consumer to compel a water company to extend its mains to any part of the city where its franchise requires it to operate. Topeka v. Topeka Water Co., 58 Kan. 349, 49 Pac. 79; West Hartford v. Hartford, 68 Conn. 323, 36 Atl. 786; Bothwell v. Consumer's Co., 13 Idaho 568, 92 Pac. 533, 24 L. R. A. (N. S.) 485; Hatch v. Consumer's

Co., 17 Idaho 204, 104 Pac. 670, 40 L. R. A. (N. S.) 263. The right to such relief, however, is not absolute, and the relief may be denied where the demand is wholly unreasonable, in view of the peculiar hardships and disastrous consequences that would follow. Doubtless, the mere fact that the income from the extended service would not compensate the company for the cost of the extension would furnish no cause for refusing to compel the service required by the contract, if its income were otherwise sufficient and the rights of the public would not be injuriously affected, but the circumstances here presented do not stop there. The franchise expires in about two years. The company's income is consumed in the operation and maintenance of the plant. It has no funds on hand with which to make the extension, and is unable to borrow the money. If compelled to make the extensions, the company will be thrown into bankruptcy, and will be unable to furnish fire protection for the city, or to continue the service to those who are using its water. It is clear, therefore, that the rights of the public at large would be injuriously affected if the relief prayed for should be granted. In our opinion, the case is one where the rights of the few should give way to the rights of the many, and in the circumstances, a mandatory injunction will not lie to compel the company to make the extension. Public Service Commission v. Brookly, etc., Water Co., 122 Md. 612, 90 Atl. 89.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.